OPINION
PER CURIAM.
The Nation appeals from an order of the Trial Court reducing appellee’s sentence and releasing him from custody. Appellee was convicted of assault and disorderly conduct. On November 12, 2003, he was sentenced to 180 days incarceration, with 120 days suspended and credit for 34 days served. The result was a sentence of 26 days additional incarceration—i.e., until December 8, 2003. In imposing this sentence, however, the Trial Court relied on an incorrect calculation and stated the ending date of the sentence as December 6, rather than December 8.
The Nation moved to correct the sentence in order to show a correct ending date. That motion was heard by the Trial Court on November 26, 2003, 12 days after sentence was imposed. The incarcerated appellee, who was represented by counsel, was in attendance by telephone. After hearing argument, the Trial Court granted the Nation’s motion and corrected the ending day of the sentence to December 8, 2003.
The Trial Court then turned to consideration of a handwritten motion by appellee (which had not been seen by counsel for either party) that he receive two-for-one jail time. Appellee stated in this motion that “[m]y family desperately needs me” and that “[m]y youngest son’s birthday on Thanksgiving day, November 27, 2003.” Attached to this motion were two poems appellee had written while incarcerated.
The Nation opposed the motion on the ground that the Nation’s Law and Order Code makes no provision for a two-for-one reduction in sentence. Appellee’s counsel replied that “I think he [appellee] is using layman’s terms for a request for half-time review.” This was apparently a reference to § 8-8 of the Code, which provides that any person who, “without misconduct, [has] served one-half of the sentence imposed on him ... shall be eligible for parole”. After observing that appellee’s motion was “not for parole,” but a “request for two for one,” and that “[t]he Court has authorized two for one, but I have done that very sparingly,” the Court ruled that it would “grant that request and the defendant will be released today.” Prior to máking this ruling the Court expressed, as a “preface” to its ruling, a desire to “address [the situation] under Section 5-1” of the Code (which provides, among other things, that the common law of the Nation includes the “customary law of the community”) and, in this connection, stated that appellee had addressed the Court by using his “real Indian name” and that “at Fort McDowell, that is not something that is openly shared.” The Nation’s motion for a stay of the Court’s release order was denied.
The basis on which the Trial Court acted to reduce appellee’s sentence is not clear from the record. The only reference to a “two-for-one” credit in the sentencing provisions of the Code is a reference to a credit for community service. See § 8-1. That provision is not applicable here. Although the Trial Court stated that appel-lee’s motion was not for parole, appellee had served more than one-half of the sentence required by the Trial Court’s November 12 order. The Court thus would apparently have had authority to grant immediate parole under § 8-8 of the Code. *136 The Trial Court’s reference to appellee’s use of his Indian name is not linked to either of those provisions and would not appear to be a relevant sentencing factor.
The Trial Court generally has broad discretion in sentencing decisions. Beeause a statutory basis (§ 8-8) existed for the Trial Court’s action, we affirm the order reducing appellee’s sentence. Our future consideration of appeals mil be significantly facilitated if the Trial Court is clear as possible in stating the basis for rulings like that at issue here.
The order of the Trial Court is AFFIRMED.

It is so ordered.